118 T.C. No. 21


UNITED STATES TAX COURT


KEITH M. RUDMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3445-00.                    Filed April 29, 2002.


        <u>Held</u>:  Earnings realized by petitioner, a member
of the Chicago Board of Trade, from trading in
commodities futures contracts are subject to self-
employment tax.


<u>Harlan M. Ten Pas</u>, for petitioner.

<u>David S. Weiner</u>, for respondent.

OPINION

SWIFT, <u>Judge</u>:  For 1994, respondent determined a deficiency in petitioner's Federal income tax and an accuracy-related penalty as follows:

| | | Accuracy-Related Penalty |
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6662(a)</u> |
| 1994 | $312,026 | $57,203 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the remaining issue for decision is whether petitioner, a commodities dealer, is subject to self-employment tax on earnings from trading U.S. Treasury bond commodities futures contracts.

## Background

The facts of this case were submitted fully stipulated under Rule 122, and are so found.

At the time the petition was filed, petitioner resided in Winnetka, Illinois.

In years prior to 1994, petitioner was a member of the Chicago Board of Trade (CBOT), and petitioner actively traded

U.S. Treasury bond futures contracts for his own account on the trading floor of the CBOT.

In 1994, the Commodity Futures Trading Commission (CFTC) initiated an investigation of petitioner regarding alleged improper trading conduct, the specifics of which are not in the record. Petitioner remained a member of the CBOT. Because of the ongoing CFTC investigation, however, in 1994 while the investigation was pending, petitioner chose to conduct his trades through a floor broker rather than conduct his trades directly on the trading floor of the CBOT.

In 1994, petitioner realized a total of $1,541,926 in net gains relating to his trading in commodities futures contracts through the broker, and petitioner paid more than $89,000 in commissions to the floor broker.

On November 21, 1994, as a result of the settlement with the CFTC of the above investigation, petitioner was allowed to trade directly on the floor of the CBOT under the supervision of another trader.

On his timely filed 1994 Federal income tax return, petitioner treated the total $1,541,926 in net gains (that petitioner realized in 1994 relating to his trading activity in commodities futures contracts through the broker) as capital gains and reported them on Schedule D, Capital Gains and Losses, of his income tax return. On his Schedule C, Profit or Loss from

Business, of his income tax return, petitioner claimed $160,446 as ordinary and necessary business expenses relating to his commodity trading activity, and petitioner indicated that he was in the trade or business of a commodities dealer. The record does not indicate that the $89,000 in commission expenses paid to the floor broker was not included in the ordinary and necessary expenses claimed on petitioner's 1994 Federal income tax return.

In a notice of deficiency mailed to petitioner, respondent determined that the earnings relating to petitioner's trading in futures contracts were subject to self-employment tax.

## Discussion

Section 1401 imposes a tax on self-employment income from a taxpayer's trade or business. Generally, capital gains are excluded from self-employment income. See sec. 1402(a)(3)(A).

In 1984, however, Congress enacted section 1402(i) which provided that gains realized by commodities dealers in the ordinary course of trading in futures contracts are subject to self-employment tax. Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 102(c), 98 Stat. 622.

Section 1402(i)(1) specifically states that

> in determining the net earnings from self-employment of any options dealer or commodities dealer, there shall not be excluded any gain or loss (in the normal course of the taxpayer's activity of dealing in or trading section 1256 contracts) from

> section 1256 contracts or property related to
> such contracts.  [Emphasis added.]

A commodities dealer is defined in section 1402(i)(2)(B) as "a person who is actively engaged in trading section 1256 contracts and is registered with a domestic board of trade which is designated as a contract market by the Commodities Futures Trading Commission."  The term "section 1256 contract" means any regulated futures contract -- such as the U.S. Treasury bond futures contracts in which petitioner traded.  Sec. 1402(i)(2)(C).

Petitioner argues that his trading activity in 1994 through a broker did not occur in the normal course of his commodities trading activity and therefore that section 1402(i) does not apply.  Petitioner argues that his regular trading activity in prior years (which involved petitioner's personally making trades on the floor of the CBOT) is distinguishable from the trades in 1994 which petitioner, because of the CFTC investigation, conducted through a floor broker.  Petitioner notes particularly that he incurred $89,000 in broker's fees relating to the latter transactions.

Respondent contends that throughout 1994 petitioner was a commodities dealer and that the $1,541,926 in earnings petitioner realized from his commodities futures trades is subject to self-employment tax.

We conclude that petitioner's earnings in 1994 from his commodities trading transactions do not qualify for an exception from self-employment tax. Petitioner has not established that his trading activity in commodities futures contracts in 1994 was outside the scope of his normal trading activity. Petitioner has not established that the trades on his behalf in 1994 were less frequent or regular than the trades in prior years. Other than the use of a broker on the floor of the CBOT (in lieu of petitioner himself being on the floor), the evidence in this case does not establish any significant factual differences in petitioner's trading activity.

Petitioner remained a member of the CBOT. On his 1994 Federal income tax return, petitioner indicated that he was in the trade or business of trading commodities futures contracts, and he claimed his related expenses as ordinary and necessary expenses of a trade or business.

We conclude that the use of a floor broker by petitioner does not substantially alter the normal course of petitioner's commodities trading activity and that the earnings petitioner realized therefrom in 1994 are subject to self-employment tax.

In Kovner v. Commissioner, 94 T.C. 893, 906 (1990), for purposes of qualifying losses as ordinary losses under sec. 108(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98

Stat. 630, we distinguished brokers and investors who were not floor traders, floor brokers, or members of an exchange from commodities dealers.  Among other reasons, <u>Kovner</u> is distinguishable from the instant case in that the parties herein concede that petitioner was a commodities dealer and that petitioner at all times remained a member of the CBOT and had the ability to conduct trades on the floor of the CBOT.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.